1

2

3

4

5

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **STERLING CROSS DEFENSE SYSTEMS, INC.,** | 1:13-CV-01773-AWI-GSA |
| **Plaintiff,** | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |
| **v.** | |
| **DOLARIAN CAPITAL, INC. AND ARA G. DOLARIAN,** | **(Docs. 6-7)** |
| **Defendants.** | |

### I. Introduction

Sterling Cross Defense Systems, Inc. ("Plaintiff") brought this action for breach of contract and fraud against Defendants, Dolarian Capital, Inc. and Ara G. Dolarian ("Defendants"). Defendants have filed a motion to dismiss Plaintiff's fraud cause of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Defendants' motion to dismiss will be granted with leave to amend.

### II. Background

*A. Facts*

Plaintiff contracted with Dyncorp International LLC to deliver various military assets for use by the United States Department of Defense. Doc. 1, Complaint ("Compl.") at ¶ 8. Plaintiff alleges that Defendants assured Plaintiff that they were in a position to acquire the assets for Plaintiff and deliver them on time. Compl. at ¶ 9. Plaintiff and Defendants entered into a contract

1

under which Defendants would deliver the military assets on time to a destination specified by Plaintiff. Compl. at ¶ 10. Plaintiff alleges to have provided Defendants with a $300,000.00 deposit on the contract on May 13, 2013. Compl. at ¶ 10. On or about July 4, 2013, it became apparent that Defendants were unable or unwilling to deliver the assets. Compl. at ¶ 11.

*B. Procedural History*

On November 1, 2013, Plaintiff filed a complaint for damages against Defendants for breach of contract and fraud. Compl. at ¶¶ 12-24. Defendants filed a motion to dismiss on November 11, 2013. Doc. 6-7. Plaintiff filed an opposition to the motion on January 3, 2014. Doc. 8.

### III. Legal Standard

*A. 12(b)(6) – Failure to State a Claim*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011); *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Johnson*, 534 F.3d at 1121. However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (Nor is the Court required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

In order to avoid a Rule 12(b)(6) dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . ." *Iqbal,* 556 U.S. at 678.

In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. *Dichter-Mad v. United States*, 709 F.3d 749, 762 (9th Cir. 2013). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ." *Henry A. v. Willden*, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. *See Mueller v. Aulker*, 700 F.3d 1180, 1191 (9th Cir. 2012); *Telesaurus VPC. LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), allegations of fraud must "be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106; *In re Glenfed, Inc. Sec. Litig.,* 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

### IV. Discussion

Plaintiff has brought suit for breach of contract and fraud. Defendants have moved to dismiss only as to Plaintiff's second cause of action-- fraud. In order to state a claim for fraud

1    under California law, a plaintiff must allege: (a) misrepresentation (false representation,

2    concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e.,

3    to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Companies,*

4    *Inc*., 30 Cal.4th 167, 173 (2003); *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996*); Apollo*

5    *Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal.App.4th 226, 243 (2007); *Anderson v.*

6    *Deloitte & Touche, LLP*, 56 Cal.App.4th 1468, 1474 (1997).  An intentional misrepresentation is

7    "[t]he suggestion, as a fact, of that which is not true, by one who does not believe it to be true."

8    *Masters v. San Bernardino County Employees Ret. Assn.*, 32 Cal.App.4th 30, 41-42 (1995).

9            In respect to Plaintiff's fraud claim, Defendants argue that Plaintiff has failed to state a

10   claim for relief because the Economic Loss Rule prevents an independent claim for relief unless

11   there is a duty separate from the contract. Doc. 6-7, Defendant's Motion to Dismiss at p. 4, lines

12   23-25. Plaintiff maintains that he was fraudulently induced to enter into the contract with

13   Defendants and that the Economic Loss Rule does not apply in this case. Doc. 8, Plaintiff's

14   Opposition at p. 3, lines 12-16. Defendants' motion to dismiss will be granted for two reasons.

15   First, Plaintiff's fraud claim is precluded by the Economic Loss Rule on the basis that there must

16   be an independent duty separate from the contractual duty in order to impose tort liability. Second,

17   Plaintiff fails to meet the heightened pleading standard for fraud.

18   *A. Economic Loss Rule*

19           The Economic Loss Rule provides, "[w]here a purchaser's expectations in a sale are

20   frustrated … his remedy is said to be in contract alone, for he has suffered only 'economic'

21   losses." *Robinson Helicopter Co. v. Dana Corp.,* 34 Cal.4th 979, 988 (2004) (quoting *Neibarger v.*

22   *Universal Cooperatives, Inc*., 486 N.W. 2d 612, 615 (1992)). Economic losses are defined as,

23   "damages for inadequate value, costs of repair and replacement of the defective product or

24   consequent loss of profits—without any claim of personal injury or damages to other property."

25   *BNSF Ry. Co. v. San Joaquin Valley Ry. Co.,* 1:08-cv-01086, 2011 WL 3328398, *5 (E.D. Cal.

26   Aug. 2, 2011). The Economic Loss Rule requires Plaintiff to "demonstrate harm above and

27   beyond a broken contractual promise." *Robinson*, 34 Cal.4th at 988. "Conduct amounting to a

28   breach of contract becomes tortious only when it also violates an independent duty arising from

principles of tort law." *Erlich v. Menezes,* 21 Cal.4th 543, 551 (1999); *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 515 (1994). In order to have a successful claim for fraud based on a breach of contract, Plaintiff must show a duty independent of Defendants' contractual responsibility.

The Economic Loss Rule "'prevent[s] the law of contract and the law of tort from dissolving one into the other.'" *Robinson,* 34 Cal.4th at 988 (quoting *Rich Products Corp. v. Kemutec, Inc.,* 66 F.Supp.2d 937, 969 (E.D. Wis. 1999)). "Courts have applied the Economic Loss Rule to bar fraud claims where 'the damages plaintiffs seek are the same economic losses arising from the alleged breach of contract.'" *Foster Poultry Farms v. Alkar Equip. Inc.,* 868 F.Supp.2d 983, 991 (E.D. Cal. 2012)(AWI); *Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.,* 629 F.Supp.2d 1135, 1146 (E.D. Cal. 2009). "When a fraud claim is based on a parties' alleged failure to comply with a contractual duty, 'the proper cause of action is breach of contract, not fraud.'" *BNSF Ry. Co.,* 2011 WL 3328398, at *5.  In analyzing tort claims arising out of commercial contracts, the California Supreme Court explained:

> The benefits of broad compensation must be balanced against the burdens on commercial stability. Courts should be careful to apply tort remedies only when the conduct in question is so clear in its deviation from socially useful business practices that the effect of enforcing such tort duties will be … to aid rather than discourage commerce."

*Erlich,* 21 Cal.4th at 554 (internal quotations and citations omitted). Therefore, public policy seeks to promote commercial stability and tort remedies may only be available to plaintiffs when business conduct clearly deviates from the social standard.

Here, Plaintiff does not allege any facts that Defendants owed a duty separate from that imposed by the contract. Compl. ¶¶ 18-24. Defendants' contractual duty assumes the obligation to perform the contract or pay damages for breach. Further, the damages Plaintiff seeks appear to be the same economic losses that arise from the alleged breach of contract. Compl. ¶¶ 22-24. The pleading does not contain any allegations of "harm above and beyond a broken contractual promise." *Robinson,* 34 Cal.4th at 988. As pled, Plaintiff's fraud cause of action is barred by the Economic Loss Rule. Accordingly, on this basis, Defendants' motion to dismiss will be granted.

*B. Sufficiency of the Pleading*

Plaintiff alleges that Defendants made numerous false representations to Plaintiff in order to induce Plaintiff to contract with Defendants. Again, in order to maintain a fraud claim based on a breach of contract claim, "a plaintiff must show that 'the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm.'" *Foster*, 868 F.Supp.2d at 992. To state a claim for fraudulent inducement, California law requires a plaintiff to allege that "the promisor knows what he is signing, but his consent is induced by fraud, mutual assent is present, and a contract is formed, which, by reason of fraud, is voidable." *Foster*, 868 F.Supp.2d at 992. Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Orlando v. Carolina Cas. Ins. Co.,* 1:07-cv-00092, 2007 WL 781598 *8 (E.D. Cal. Mar. 13, 2007)(AWI). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess,* 317 F.3d at 1106; *In re Glenfed,* 42 F.3d at 1548. It is clear that "'something more than nonperformance is required to prove the defendant's intent not to perform his promise.'" *Las Palmas Assoc.  v. Las Palmas Ctr. Assoc.,* 235 Cal.App.3d 1220, 1239 (1991) (citing *Tenzer v. Superscope,* 39 Cal.3d 18, 30 (1985)).

Plaintiff fails to plead facts to support a finding of malice, or intentional misrepresentation independent of Defendants' alleged breach of contract. *See* Compl. at ¶ 19. In both Plaintiff's Complaint and Plaintiff's Opposition, Plaintiff merely alleges misrepresentations that relate to conduct within the scope of the contract. Compl. at ¶ 19, Opposition at p. 2, lines 1-9. The face of the complaint fails to include specific facts as to how Plaintiff's consent was fraudulently induced. For example, in Plaintiff's Opposition, Plaintiff merely alleges that Defendants used "deceptive means." Opposition, p. 2, line 10.  Plaintiff's allegations do not meet the pleading burden for a fraud claim because Plaintiff does not identify Defendants' specific actions—time, place, content. *See* Fed. R. Civ. P. 9. The complaint does not contain facts to support the conclusory statement that Defendants never intended to comply with the terms of the contract at the time it was entered into. As such, Plaintiff's complaint does not meet Rule 9's pleading standard. Accordingly,

Plaintiff has not sufficiently pled a cause of action for fraudulent inducement.

*C. Leave to Amend*

Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." *Zucco Partners, LLC v. Digimarc Ltd.,* 552 F.3d 981, 1007 (9th Cir. 2009) (citing Fed. R. Civ. Pro. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001). However, a court may deny leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of amendment." *Zucco*, 552 F.3d at 1007; *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008). This Court cannot make the determination that amendment would be futile or that allowing amendment would cause undue prejudice to Defendants. Therefore, Plaintiff will be granted leave to amend its fraud claim.

In order to state a claim upon amendment, Plaintiff must show that Defendants owed Plaintiff a duty independent of performance of the contractual obligations, and the allegations must identify the time, place, and specific content of the fraud.

## V. Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss Plaintiff's second cause of action for failure to state a claim is GRANTED WITH LEAVE TO AMEND.

2. Plaintiff shall have leave to amend within thirty (30) days of entry of this order.

3. Failure to amend will result in dismissal of Plaintiff's second cause of action.

IT IS SO ORDERED.

Dated:   June 18, 2014   _____

SENIOR  DISTRICT  JUDGE

7