1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **EASTERN DISTRICT OF CALIFORNIA**

10

11   STERLING CROSS DEFENSE              **Case No.  1:13-cv-01773-AWI-GSA**
     SYSTEMS, INC.,
12
                   Plaintiff,
13                                        **FINDINGS AND RECOMMENDATIONS**
          v.                              **RECOMMENDING STRIKING OF**
14                                        **DEFENDANTS' RESPONSIVE**
     DOLARIAN CAPITAL, INC., *et al.*,    **PLEADINGS AND GRANTING OF ENTRY**
15                                        **OF DEFAULT**
                   Defendants.
16

17

18

19        This matter is before the Court on an order to show cause why the Court should not

20   impose sanctions on Defendants Dolarian Capital, Inc., Ara Dolarian, including the striking of all

21   pleadings filed by Defendants and the entry of default against both Defendants. The hearing on

22   the order to show cause occurred on July 10, 2015. Attorney Jeff Reich appeared on behalf of

23   Plaintiff. There was no appearance by defense counsel Myron Smith or Defendant Dolarian, both

24   of whom had been ordered to personally appear. (ECF No. 36.) For the reasons explained below,

25   the Court RECOMMENDS that Defendants' responsive pleadings be stricken and default be

26   entered against Defendants.

27

28

                                                1

## I.   BACKGROUND

On May 19, 2015, Plaintiff Sterling Cross Defense Systems, Inc. ("Plaintiff") filed a motion to compel based on the failure of Defendant Ara Dolarian ("Defendant") and his counsel, Myron Smith, to appear at Dolarian's deposition, which was properly noticed for May 11, 2015. (ECF No. 32 at 3, 6; ECF No. 32-1 at 11-15.) Defendants did not file any opposition to Plaintiff's motion to compel. The motion was set for hearing on May 22, 2015. (ECF Nos. 31, 33.)  Neither Defendant nor his counsel appeared at the motion hearing. (ECF No. 34.)

The Court determined, with reference to the website of the State Bar of California, that Defendant's counsel had been ordered inactive by the State Bar as of February 27, 2015 and is no longer eligible to practice in the State of California.[1] Smith never advised the Court of this development, nor did he withdraw as attorney of record for Plaintiff. Plaintiff's counsel, Jeff Reich, informed the Court, both at the hearing and via declaration, that Smith had been non-responsive to his communication attempts for some time. (Declaration of Jeff Reich ¶ 11, ECF No. 32.)

The Court granted Plaintiff's request for monetary sanctions in the amount of $1,625.00 and issued an order to show cause why further sanctions, including the striking of all responsive pleadings and entry of default, should not be imposed based on Smith's failures to appear, both at the deposition and at the hearing on the motion to compel. The order, which was directed at both Dolarian and Smith, required each to file separate responses to the order to show cause no later than June 25, 2015. It also provided Dolarian the opportunity to request a continuance if he required time to retain new counsel. (ECF No. 36.) Finally, the order required personal appearances by both Dolarian and Smith. The order to show cause hearing was set for July 10, 2015.

The U.S. Marshals Service was directed to personally serve both Dolarian and Smith with the order and succeeded in doing so on June 8, 2015; the two were served in adjacent suites in the

---

[1] Courts may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Attorney records on the State Bar of California's website constitute such facts. *Davis v. Hollins Law*, 25 F.Supp.3d 1292, 1298 fn. 5 ("The court may take judicial notice of the State Bar of California's website regarding attorneys' dates of admission to the Bar").

1 building housing Smith's law offices. (ECF No. 37.) Neither Smith nor Dolarian filed any

2 response to the order to show cause. Neither Smith nor Dolarian appeared at the order to show

3 cause hearing.

4 **II.     DISCUSSION**

5      **A.     Legal Standard**

6      Federal Rule of Civil Procedure 37 provides, in relevant part, that if "a party or a party's

7 officer, director, or managing agent . . . fails after being served with proper notice, to appear for

8 that person's deposition," the court "where the action is pending may, on motion, order

9 sanctions." The allowable sanctions include, among others, "striking pleadings in whole or in

10 part." Fed. R. Civ. P. 37(b)(2)(A)(iii). Courts have discretion in imposing sanctions. *Payne v.*

11 *Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997). A court is permitted to impose the sanction of

12 dismissal or default under Rule 37 only in "extreme circumstances" where the violation is "due to

13 willfulness, bad faith, or fault of the party." *In re Exxon Valdez,* 102 F.3d 429, 432 (9th Cir.1996).

14 In determining whether to dismiss an action or enter default pursuant to Rule 37(b)(2)(C), a

15 district court must consider five factors:

16 > (1) the public's interest in expeditious resolution of litigation; (2) the court's need
17 > to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the
> public policy favoring disposition of cases on their merits; and (5) the availability
18 > of less drastic sanctions.' *Payne,* 121 F.3d at 507, *quoting Malone v. U.S. Postal
> Serv.,* 833 F.2d 128, 130 (9th Cir.1987). Where a court order is violated, the first
19 > and second factors will favor sanctions and the fourth will cut against them. *Id.*

20 *Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1115 (9th Cir.2004).

21      The Ninth Circuit Court of Appeals has stated that this multi-factor test is "not

22 mechanical," *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th

23 Cir. 2007), and the court "need not make explicit findings regarding each of these factors," *Leon*

24 *v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Rather, the test "provides the district court

25 with a way to think about what to do, not a set of conditions precedent for sanctions or a script

26 that the district court must follow." *Conn. Gen. Life Ins. Co.,* 482 F.3d at 1096. "What is most

27 critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is

28 whether discovery violations threaten to interfere with the rightful decision of the case." *Id.* at

3

1    1097.

2         Courts may also impose sanctions, including terminating sanctions, as part of their

3    inherent power "to manage their own affairs so as to achieve the orderly and expeditious

4    disposition of cases" or based on a failure to comply with court orders.[2] *Chambers v. NASCO,*

5    *Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Pagtalunan v. Galazza*, 291 F.3d

6    639, 642 (9th Cir. 2002). In both instances, the Ninth Circuit has held that the same five-factor

7    test utilized in the context of Rule 37 sanctions applies. *Leon,* 464 F.3d at 958 n. 4; *Pagtalunan*,

8    291 F.3d at 642.

9         **B.    Analysis**

10        The first of the enumerated factors "always favors dismissal." *Pagtalunan*, 291 F.3d at

11   642. Because Defendants have disappeared from the case for over two months and have

12   expressed little apparent desire in defending this suit, this factor weighs in favor of terminating

13   sanctions.

14        The second factor, the Court's need to manage its docket, also weighs in favor of

15   dispositive sanctions. Defendants have failed to appear for: (1) Dolarian's properly noticed

16   deposition; (2) the hearing for Plaintiff's Motion to Compel; and (3) the order to show cause

17   hearing, for which personal appearances by Defendants and Smith were specifically ordered. Nor

18   have they opposed the Motion to Compel or filed any responsive pleadings as required by the

19   order to show cause. The Court need not spend its resources attempting to ensure that Defendants

20   appear to defend their own action. *Sec. Ins. Co. of Hartford v. Cibus Ins. Servs., Inc.*, No. Civ.S-

21   05-2620 DFL DAD, 2006 WL 3388549, at *2 (E.D. Cal. Nov. 22, 2006) (defendant's failure to

22   appear at order to show cause hearing favored dismissal based on court's need to manage docket).

23   Nor should it be required to take any other steps to ensure that its orders are obeyed.

24        The third factor requires a showing that there is a risk of prejudice to the party in whose

25   favor the sanctions would be awarded because of the opposing party's actions. Put more simply,

26   _____
     [2] It also bears mentioning that, because of defense counsel's ineligibility to practice law, Defendant Dolarian Capital,
27   Inc., a corporation, is not currently represented by an attorney. A corporation cannot appear in federal court without
     an attorney. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). These grounds may also justify the striking of
28   Dolarian Capital's pleadings. *Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, No. 2:11-cv-1402 KJM KJN, 2013 WL
     789124, at *5 (E.D. Cal. March 1, 2013).

1    Defendants' actions in this case must have "impaired [plaintiff's] ability to proceed to trial or

2    threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642, *citing*

3    *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). A failure to produce documents,

4    for example, can constitute sufficient prejudice to warrant dispositive sanctions. *Adriana Int'l*

5    *Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("the repeated failure of Adriana to appear

6    at scheduled dispositions compounded by their continuing refusal to comply with court-ordered

7    production of documents constitutes an interference with the rightful decision of the case").

8    Because of Defendants' failures to cooperate in the discovery process and appear for properly

9    noticed hearings, Defendants have prevented Plaintiff from taking Defendant Dolarian's

10   deposition. The non-expert discovery cutoff date in this action has now passed. (ECF No. 28.)

11   Moreover, Defendants' failure to provide any explanation for their lack of participation in this

12   case and disobedience of court orders has created unnecessary and unreasonable delays for both

13   Plaintiff and the Court. *Pagtalunan*, 291 F.3d at 643 ("Pagtalunan's delay was unreasonable, and

14   this factor weighs in favor of dismissal"). The third factor thus weighs in favor of dismissal.

15          The fourth factor, the public policy favoring disposition of cases on their merits, weighs

16   against dismissal. The weight it brings to the Defendants' side of the ledger is minimal, however,

17   because their conduct in this case has precluded Plaintiff from engaging in a vital portion of the

18   discovery process. *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996) ("The overwhelming

19   weight of the factors supporting dismissal overcomes the policy favoring disposition of cases on

20   their merits. But even that policy lends little support to appellants, whose total refusal to provide

21   discovery obstructed resolution of their claims on the merits").

22          The fifth factor, the availability of less drastic alternatives, weighs in favor of dismissal.

23   The Court initially granted Plaintiff's motion for sanctions in the amount of $1,625.00. (ECF No.

24   35.) This sanction does not appear to have accomplished the desired result, nor has it compelled

25   Defendants to appear in court or otherwise obey court orders. The Court then issued an order to

26   show cause instructing Defendants and defense counsel Smith to file written responses and to

27   personally enter appearances. The order to show cause has not induced Defendants' cooperation

28   or appearances. The order to show cause also provided ample warning that, absent a response to

1   the order, terminating sanctions would be issued. Defendants appear to have simply ignored the

2   Court's orders and warnings. The fifth factor thus supports the issuance of terminating sanctions.

3   *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995)

4   (terminating sanctions appropriate where party's conduct illustrates "an abiding contempt and

5   continuing disregard" for court orders).

6         After an evaluation of the relevant factors, the Court determines that Defendants'

7   noncompliance with orders is the result of willfulness and bad faith and interferes with the

8   rightful decision of the case. Terminating sanctions under Rule 37, the Court's inherent power to

9   manage its own docket, and Defendants' failure to obey court orders are therefore warranted.

10  **III.      RECOMMENDATION**

11        For the reasons outlined above, the Court RECOMMENDS that:

12              1.  Defendants Dolarian Capital, Inc. and Ara G. Dolarian's responsive pleadings

13                  (ECF Nos. 16, 17) be STRICKEN;

14              2.  The Clerk of the Court be DIRECTED to enter default against Defendants

15                  Dolarian Capital, Inc. and Ara G. Dolarian;

16              3.  Plaintiff be DIRECTED to file a motion for default judgment pursuant to Federal

17                  Rule of Civil Procedure 55 within sixty days after the Clerk of the Court has

18                  entered default against Defendants.

19        These findings and recommendations will be submitted to the United States District Judge

20  assigned to this case pursuant to the provisions of Title 28 of the United States Code section

21  636(b)(1). Within fourteen (14) days after being served with these findings and recommendations,

22  the parties may file written objections with the Court. The document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

24  failure to file objections within the specified time may waive the right to appeal the District

25  Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d

26  1153, 1156-57 (9th Cir. 1991).

27

28  IT IS SO ORDERED.

1

2
Dated:    **July 19, 2015**                            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28