UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING CROSS DEFENSE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOLARIAN CAPITAL, INC.; and ARA G. DOLARIAN, <br><br> Defendants. | Case No. 1:13-cv-01773 AWI EPG <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON PUNITIVE DAMAGES AND CLOSING THE CASE <br><br> (Doc. 49) |

On November 20, 2015, this Court granted in part the motion for default judgment filed by Plaintiff Sterling Cross Defense Systems, Inc. ("Plaintiff" or "Sterling Cross"). The Court determined the amount of compensatory damages and found that Defendants Dolarian Capital, Inc. and Ara Dolarian ("Defendants") were liable for punitive damages. The Court did not determine a punitive damages amount because the record before it was not adequate to make that determination. The Court ordered Plaintiff to file additional briefing on that issue. Plaintiff has done so. The record before the Court is sufficient for the Court to determine an appropriate punitive damages award. For the following reasons, Plaintiff's motion for punitive damages will be granted.

As discussed when last the Court addressed this issue of awarding punitive damages in this case:

> In order to obtain punitive damages under California law, a plaintiff must show by clear and convincing evidence that a defendant acted with malice, fraud, or oppression. *See* Cal. Civ.Code § 3294; *Roby v. McKesson Corp*., 47 Cal.4th 686, 712,

1

(2009). In order to determine whether punitive damages should be awarded, and the amount to be awarded the Court considers: (1) the nature of defendant's acts; (2) the amount of compensatory damages awarded; and (3) the wealth of the defendant. *Prof'l Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc*., 727 F.2d 1470, 1473 (9th Cir.1984) ("*Sino*"). "In determining whether punitive damages are appropriate, the Court 'cannot make a fully informed determination of whether an award of punitive damages is excessive unless the record contains evidence of a defendant's financial condition.'" *Brantley v. Boyd*, 2013 WL 3766911, *9 (N.D. Cal. 2013) (finding that the record did not sufficiently establish defendant's wealth, and declining to award punitive damages without knowing the proportionality of an award) (citation omitted). Within that framework, District Courts have discretion in determining an appropriate punitive damages award on default judgment. *Develder v. Hirshler* 2014 WL 2858801, *2-3 (E.D. Cal. June 23, 2014) (citing Fed. R. Civ. P. 55(b)(1)); *see Sino*, 727 F.2d. at 1473. That discretion is retrained by the constitutional limitation that a punitive damages award should not exceed four times the compensatory damages award. *See State Farm v. Campbell*, 538 U.S. 408, 425-426 (2003).

Doc. 48 at 10. The Court previously determined that Defendants' conduct was fraudulent and that Plaintiff is entitled to a compensatory damages award of $294,340.00. The Court did not go into depth regarding the degree of reprehensibility of the Defendant's conduct. It does so now. Five subfactors should be considered in evaluating reprehensibility: (1) whether the harm caused by the defendant was physical rather than economic; (2) whether the defendant's tortious conduct evinced a reckless disregard of the health or safety of others; (3) whether the target of the conduct had financial vulnerability; (4) whether the conduct involved repeated actions or was an isolated incident; and (5) whether the harm was the result of intentional malice, trickery, or deceit, or mere accident. *Campbell*, 538 U.S. at 419; *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 576-77 (1996). The first three subfactors do not support a high punitive damages award in this case because the harm was economic rather than physical, there is no evidence to support a finding that Defendants' conduct evinced reckless disregard for the health or safety of any person, and it does not appear that Plaintiff was particularly financially vulnerable. However, the remaining subfactors weigh in favor of a higher punitive damages award because Defendants made multiple misrepresentations to Plaintiff[1] and the injury was the result of intentional trickery and fraud.

---

[1] Plaintiff has directed this Court to *Societe D'Equipments Internationaaux Nigeria, Ltd. v. Dolarian*, 1:15-cv-1553 - GEB-SKO for the proposition that Defendants continue to defraud arms purchasers. No such determination has been made in that case. That said, Defendant Dolarian admitted in his answer that he continues to enter into contracts to sell munitions. The existence of another action against Defendants does not impact this Court's determination of the appropriate measure of punitive damages.

In the Court's previous order it noted that the record before it was inadequate to consider Defendants' wealth. Plaintiff has submitted evidence tending to indicate that Mr. Dolarian and his wife purchased a home for $1,250,000.00 in 2010 using a corporate identity.[2] The present value of that property is $1,148,250.00 and it has no registered encumbrances, judgments, or liens against it. Doc. 49-3 at 59. Plaintiff has identified only that asset. The Court will calculate punitive damages assuming that full value of the home is an accurate measure of Defendants' wealth. As a general rule, punitive damages awards of approximately 10 percent of the defendant's net worth (or less) have been upheld by California courts, while greater amounts have been set aside as excessive. *Devlin v. Kearney Mesa AMC/Jeep/Renault, Inc.*, 155 Cal.App.3d 381 (Ct. App. 1984) (tabulating 16 cases considering punitive damages awards); *see Michelson v. Hamada*, 29 Cal.App.4th 1566, 1596 (Cal. App. 1994) ("[Punitive] awards generally are not allowed to exceed 10 percent of the net worth of the defendant."); *see also White v. Ford Motor Co.*, 500 F.3d 963, 963 (9th Cir. 2007) (holding that consideration of total wealth is necessary to adequately impose a "sting" that would deter future misconduct). Plaintiff seeks $600,000.00 as a punitive damages award. In light of the relatively moderate reprehensibility of Defendants' conduct and because the evidence produced of Defendants' wealth shows only that he owns property valued at approximately $1.15 million, the Court will award punitive damages in the amount of $110,000.00. Such an award is sufficient but not excessive to further the goals of punishing the present misconduct and deterring future misconduct.

Based on foregoing, IT IS HEREBY ORDERED that:

1. Default judgment is ENTERED in the amount of $110,000.00 for punitive damages as provided herein.

The Clerk of the Court is respectfully directed to (1) serve a copy of this Order on Ara Dolarian at 1284 W. Shaw Ave. #102, Fresno, CA 93711, and (2) close this case.

IT IS SO ORDERED.

Dated:   December 24, 2015                              _____
                                                                        SENIOR DISTRICT JUDGE

---

[2] The articles of organization for the corporate entity were signed by Mr. Dolarian's former attorney, Myron Smith. Doc. 49-3 at 14. The LLC has no other known holdings nor does it have any liens or judgments against it. Doc. 49-3 at 64.

3